# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

BRYCE NELSON,

        Plaintiff,

v.

EASTERN ASSET MANAGEMENT, LLC,
KIM ANDREWS, THOMAS CHRISTENSEN,
AND JOHN NICOLIA,

        Defendants.

**ORDER**

Civ. No. 09-856 (RHK/RLE)

The above-referenced matter came before the Honorable Richard H. Kyle on October 7, 2009, for hearing on Plaintiff's Motion for Default Judgment against Defendant Eastern Asset Management, LLC ("Eastern Asset").

William C. Michelson, Esq. appeared on behalf of the Plaintiff. There was no appearance by, or on behalf of, Eastern Asset.

## FINDINGS OF FACT

1. Plaintiff filed a Summons and Complaint in this matter on April 14, 2009. Eastern Asset was served with the Summons and Complaint in this matter on April 29, 2009.

2. Eastern Asset failed to file and serve a response or Answer to the Summons and Complaint.

3. Plaintiff filed an Application for Entry of Default on August 18, 2009. The Clerk entered default on August 19, 2009.

4. Plaintiff is an individual and "consumer" as the term is defined in 15 U.S.C. § 1692a(3).

5. Eastern Asset is a limited liability company whose principal business is the collection of debts; it is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Eastern Asset, through the acts of its employees, made three false, deceptive, and threatening communications with Plaintiff in an effort to collect a debt. Specifically, the individual employees of Eastern Asset falsely represented themselves as attorneys and falsely represented that a lawsuit was pending against Plaintiff.

7. Plaintiff has incurred attorneys' fees and costs of $4,237.00 in pursuing this action.

8. Plaintiff was unable to serve the Summons and Complaint in this matter on individual Defendants Kim Andrews, Thomas Christensen, and John Nicolia.

9. At the October 7, 2009 hearing, Plaintiff requested the dismissal of the individual Defendants with prejudice.

## CONCLUSIONS OF LAW

1. Eastern Asset is in default and Plaintiff is entitled to an Entry of Judgment.

2. Eastern Asset's false, deceptive, and threatening communications violated the Fair Debt Collection Practices Act. 15 U.S.C. § 1692, *et seq*.

3. After considering the frequency and nature of these violations, the Court determines that Plaintiff is entitled to recover maximum statutory damages in the

amount of $1,000.00. 15 U.S.C. § 1692k(a)(2). Plaintiff is also entitled to recover his attorneys' fees and costs. 15 U.S.C. § 1692k(a)(3).

4. The Court finds the amount of Plaintiff's attorneys' fees and costs ($4,237.00) to be supported by the record, reasonable, and fully recoverable.

## ORDER

Accordingly, upon all the files, records and proceedings herein, **IT IS ORDERED** that Plaintiff's Motion for Default Judgment against Eastern Asset, is hereby **GRANTED** and Plaintiff shall recover damages in the amount of $5,237.00. Defendants Kim Andrews, Thomas Christensen, and John Nicolia are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 7, 2009          s/Richard H. Kyle
                                           RICHARD H. KYLE
                                           United States District Judge